934 F.2d 322
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Carl FOSTER, Plaintiff-Appellant,
v.
Robert BROWN, Jr., Director, Michigan Department of
Corrections, Dan Bolden, Director, Bureau of Correctional
Facilities, Dennis Dyke, Classification Specialist, William
Grant, Warden, Stanley Adams, Deputy Warden, Michael D.
Flintoft, Deputy Warden, Corrections Camp Tuscola, Ted D.
Heath, Assistant Resident Unit Manager, Defendants-Appellees.
 No. 91-1139.
 United States Court of Appeals, Sixth Circuit.
 May 31, 1991.
 
 Before NATHANIEL R. JONES and RYAN, Circuit Judges, and JOHN W. PECK, Senior Circuit Judge.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a). Additionally, plaintiff has filed a motion to waive the filing of the appendix and a motion for counsel.
 
 
 2
 Carl Foster, a Michigan inmate, filed a civil rights action under 42 U.S.C. Sec. 1983 against six prison officials in connection with Foster's security classification and place of incarceration. In January 1985, Foster was transferred to Corrections Camp Tuscola (Level I), in Caro, Michigan. Foster remained at Corrections Camp Tuscola until he was ordered to be returned to a Level II Institution in November of 1988. The thrust of Foster's complaint stated that defendants failed to follow the rules and regulations set up for the classification of prisoners under their supervision. Specifically, he argued that Mich.Admin.Code R. Sec. 791.4401, and a policy directive PD-BCF-34.01, mandated that he be given a hearing prior to a security reclassification or a prison transfer. Foster sought injunctive, declaratory and monetary relief.
 
 
 3
 The matter was referred to a magistrate who issued a report recommending that summary judgment be entered for the defendants. The district court ultimately adopted the recommendation, over Foster's objections, and this appeal followed.
 
 
 4
 Upon consideration, we find the district court correctly concluded that there was no genuine issue of material fact and that the defendants were entitled to judgment as a matter of law. See Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc., 862 F.2d 597, 601 (6th Cir.1988). Foster has failed to demonstrate the denial of a federally cognizable right in any of the actions of which he complains. See Olim v. Wakinekona, 461 U.S. 238, 245-50 (1983); Montanye v. Haymes, 427 U.S. 236, 242 (1976).
 
 
 5
 Summary judgment is also proper to the extent Foster sought monetary damages against the defendants. The complaint does not state that the defendants are sued in their individual capacities. State officials sued in their official capacities for money damages are not persons subject to suit under 42 U.S.C. Sec. 1983. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 109 S.Ct. 2304, 2311-12 (1989).
 
 
 6
 For the foregoing reasons, the motion to waive the filing of the appendix is granted, the motion for counsel is denied, and the district court's judgment is affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.